

1   Patricia M. Scoles, Esq., SBN 137049
    LAW OFFICES OF PATRICIA M. SCOLES
2   1104 Vine Street, Suite B
    Paso Robles, CA 93446
3   Telephone:  (805) 227-7184
    Facsimile:  (805) 227-7186
4
    Attorneys for Plaintiffs,
5   BRAD CLARK, WILLIAM F. MONTGOMERY
    JACK AND NORMA CROW, EDWARD AND BETTY PEAKE,
6   TOM AND VIRGINIA PARSONS, JOHN AND ALLISON STEPHENSON
    DON AND LORRAINE FRANSEN
7

Returned 6/25/09

FILED

JUN 25 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

8
                   **UNITED STATES BANKRUPTCY COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10
                        **NORTHERN DISTRICT**
11

FILED

JUN 3 0 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

| | |
|---|---|
| 12  In re | )  Case No.:  9:08-bk-13012-RR |
|  | )  Adv. Proc.No. . 9:09-ap-01039-RR |
| 13  Anthony Charles Gaspar | ) |
|     and | )  <u>Chapter 7</u> |
| 14  Kimberly Gaspar | ) |
|  | )  AMENDED COMPLAINT SEEKING |
| 15         Debtors | )  EXCEPTION TO DISCHARGE PURSUANT |
|  | )  TO 11 U.S.C. §523 (a)(2) |
| 16 ————————————— | ) |
|  | ) |
| 17  BRAD CLARK, WILLIAM | ) |
|     MONTGOMERY, JACK CASIMIR and | ) |
| 18  NORMA R. CROW, EDWARD H. and | ) |
|     BETTY J. PEAKE, THOMAS R. and | ) |
| 19  VIRGINIA B. PARSONS, JOHN and | ) |
|     ALISON STEPHENSON DONALD S. and | ) |
| 20  LORRAINE A. FRANSEN; AND ROES 1 | ) |
|     THROUGH 50 | ) |
| 21 | ) |
|  | ) |
| 22         Plaintiffs, | ) |
| 23 | ) |
|     vs. | ) |
| 24 | ) |
|     ANTHONY CHARLES GASPAR AND | ) |
| 25  KIMBERLY GASPAR | ) |
| 26 | ) |
|          Defendants. | ) |
| 27 ————————————— | ) |

28   COMES NOW, Plaintiffs BRAD CLARK, WILLIAM MONTGOMERY, JACK

CASIMIR and NORMA R. CROW, EDWARD H. and BETTY J. PEAKE, THOMAS R and

VIRGINIA B. PARSONS, JOHN and ALISON STEPHENSON, DONALD S. and LORRAINE A. FRANSEN, who for cause of action against Defendants, and each of them, allege as follows:

1.     Defendants, ANTHONY CHARLES GASPAR and KIMBERLY GASPAR, are upon information and belief, husband and wife who are residents of the County of San Luis Obispo, State of California and debtors in the above titled bankruptcy case.

2.     This court has jurisdiction over this adversary proceeding under 11 U.S.C. §523 (a)(2)(A) and under 28 U.S.C. §1334.

3.     Plaintiffs and each of them are and at all times herein mentioned were adult residents of the County of San Luis Obispo, State of California.

4.     Plaintiffs named as Roes one through fifty, are persons who are believed to have an interest or potential interest in the action herein and are, as yet unknown to the named plaintiffs herein. This complaint shall be amended to name such additional plaintiffs at the time the names and capacities of such additional plaintiffs are determined.

5.     The property that is the subject to the loans and security interests of plaintiffs herein is located at 5980 Black Tail Place, Paso Robles, California, with the San Luis Obispo County Assessor's Parcel Number 015-144-032, more particularly described as follows:

THE WEST 2/3 OF LOT 78 OF TRACT NO. 3, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED OCTOBER 30, 1931 IN BOOK 5, PAGE 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

(hereinafter referred to as "SUBJECT PROPERTY").

6.     Plaintiffs are informed and believe and thereon allege that each Defendant was the agent and/or employee of each of the remaining Defendants and that each was acting at all times within the course and scope of such agency and/or employment.

# FIRST CAUSE OF ACTION TO

## DETERMINE DEBT NONDISCHARGEABLE

## DUE TO FALSE PRETENSES, FALSE REPRESENTATION

## OR ACTUAL FRAUD UNDER 11 U.S.C. 523 (A)(2)

Those plaintiffs named herein and such plaintiffs as named fictitiously as Roes 1-50,

inclusive, allege as a cause of action against defendants, and each of them the following:

6.      On February 3, 2006, defendants, ANTHONY and KIMBERLY GASPAR,

represented to plaintiffs that if they loaned them the amount of $450,000 with interest at the rate

of 13% per annum for construction of a structure upon the Subject Property that they would pay

in full not later than February 9, 2007.  Of the $450,000 only $255,000 was funded.  The

promissory note documenting the loan was secured by a deed of trust on the Subject Property.

(Attached hereto as Exhibit "A" and incorporated herein by this reference are true and correct

copies of the deed of trust and promissory note referenced above).

7.      Pursuant to the terms of the promissory note, if any installment is delinquent for

more that 10 days, a late charge in the amount of 10% of the then due installment is added.

8.      Under the terms of the note and the deed of trust (Exhibit "A"), defendants

promised to pay attorney's fees in any action brought to enforce the note and the deed of trust as

fixed by the Court.

9.      Plaintiffs allege the following facts constitute the false pretenses, false

representation or actual fraud under 11 U.S.C. 523 (a) (2).

10.      That in submitting the initial loan application defendants represented that their net

worth and their annual income from construction and other businesses was sufficient to repay

plaintiffs for the loan including interest and costs.  They further represented that the loan funds

were to be used to perform construction and build a structure on the Subject Property.  (Attached

hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of the initial loan application).

11.    The representations made by defendants were in fact false.  The true facts were that the defendants did not have sufficient income or net worth to pay back the construction loan. Defendants did not disclose all outstanding liabilities as required by the loan application.  In addition they did not disclose various other construction loans that were either pending or in the process of lending when the application was completed and executed by defendants.

12.    The representations made by defendants regarding where the funds were going was also false.  The funds were used to pay for work done on the defendants' private home. Attached hereto as Exhibit "C" and incorporated herein are true and correct copies of documents showing charges billed to plaintiffs allegedly for work done on the Subject Project but were, in fact, used for work on defendant's private residence.

13.    Attached hereto as Exhibit "D" are true and correct copies of false invoices prepared at the direction of defendants by Clint Osborne, grading contractor.  There are three invoices billed to the plaintiffs for work done on the property.  Two of the invoices were for work done on the Subject Property.  The third invoice is a replacement invoice for work done on their private personal residence.

14.    When defendants made these representations they knew them to be false and made these representations with the intention to deceive and defraud plaintiffs and to induce plaintiffs to act in reliance on these representations in the manner hereafter alleged, or with the expectation that plaintiffs would so act.

15.    Plaintiffs, at the time these representations were made by defendants were ignorant of the falsity of the representations and believed them to be true.  In reliance on these

AMENDED COMPLAINT SEEKING EXCEPTION TO DISCHARGE - 4

representations, plaintiffs were induced to lend $255,000 to defendants in exchange for fractional interests in the Subject Property.  Had plaintiffs known the actual facts, they would not have taken such action.  Plaintiffs' reliance on the representations was justified because defendants represented their experience in the field of construction.  Plaintiffs further had no reason to suspect that they were attempting to deceive and defraud plaintiffs in an effort to induce plaintiffs to invest money with defendants.

16.   Defendants have defaulted under the terms of the note, in that plaintiffs have not received interest payments since August 22, 2007.  Defendants, and each of them, have failed and refused and continues to fail and refuse, to make the payments of principal and interest due.

17.   The value of the subject property has decreased such that it lacks adequate security.

18.   As a proximate result of the fraudulent misrepresentations made by defendants as herein alleged, plaintiffs were induced to invest $255,000 which loan is unpaid and has been in default since August of 2007 and which lacks adequate security, by reason of which plaintiffs have been damaged in a sum in excess of $255,000 according to proof at trial.

**PRAYER**

1.   On the first cause of action a judgment that the entire debt owed to plaintiffs in the sum of $255,000 plus accrued interest, late fees, related costs and damages, will not receive a discharge through defendants' bankruptcy and that plaintiffs may exercise all available means to execute and collect such obligation;

2.  For costs of suit herein;

///

///

3. For reasonable attorneys fees, according to contract;

4. For such other and further relief as the court may award.

DATED:  June 24, 2009          LAW OFFICES OF PATRICIA M. SCOLES

_____
Patricia M. Scoles
Attorneys for Plaintiffs, BRAD CLARK, WILLIAM
MONTGOMERY, JACK CASIMIR and NORMA R.
CROW, EDWARD H. and BETTY J. PEAKE, THOMAS
R. and VIRGINIA B. PARSONS, JOHN and ALISON
STEPHENSON DONALD S. and LORRAINE A.
FRANSEN; AND ROES 1-50

# PROOF OF SERVICE

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1104 Vine Street, Suite B, Paso Robles, California 93446.

On June 24, 2009, I served the following document:

AMENDED COMPLAINT TO SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C § 523 (a)(2)

on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope (envelope omitted if service by facsimile) addressed as follows:

> Edwin J. Rambuski
> 1220 Marsh Street
> San Luis Obispo, CA 93401

> Gaspar Development, Inc.
> Anthony and Kimberly Gaspar
> 775 Climbing Tree Lane
> Templeton, CA 93465

____ **(By Mail)** I deposited such envelope in the mail at Paso Robles, California. The envelope was mailed with postage thereon fully prepaid.

__X__ **(By Mail)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Paso Robles, California, in the ordinary course of business.

____ **(By Personal Service)** I caused such envelope to be hand delivered to the offices of the addressee(s) shown above.

____ **(By Facsimile)** I caused the document(s) described above to be delivered by electronic facsimile to the offices listed above.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 24, 2009 at Paso Robles, California.

Karla R. Montgomery

# EXHIBIT "A"

DO NOT DESTROY THIS NOTE: ..id, this note, with Deed of Trust securing
same, must be surrendered to Trustee ..ellation before reconveyance will be made.

## INTEREST ONLY NOTE - SECURED BY DEED OF TRUST

$450,000.00

Paso Robles, California

February 3, 2006

For value received, I promise to pay to

Real Property Lenders, A California Corporation, as to an undivided $270,000.00/$450,000.00 interest;
Jack Casimir Crow and Norma R. Crow, Husband and Wife, As Joint Tenants, as to an undivided
$100,000.00/$450,000.00 interest; Brad Clark, A Single Man, as to an undivided
$50,000.00/$450,000.00 interest; Thomas R. Parsons and Virginia B. Parsons, Husband and Wife As
Joint Tenants, as to an undivided $20,000.00/$450,000.00 interest; and William Montgomery, An
Unmarried Man, as to an undivided $10,000.00/$450,000.00 interest

at place designated by beneficiaries, the sum of **Four Hundred Fifty Thousand and no/100 dollars,**

with interest from _____2/09/06_____, on the unpaid principal, at the rate of 13.00 percent per
annum. Interest Only, payable Monthly on the same day of each and every month, beginning on __3/09/06__
, and continuing until _____2/09/07_____, at which time all remaining unpaid Principal and accrued
interest shall be due and payable in full.

"In the event Trustor, without prior written consent of the Beneficiary, sells, agrees to sell, transfers or
conveys its interest in said real property or any part thereof or any interest therein, Beneficiary may at its
option declare all sums secured hereby immediately due and payable. Consent to one such transaction
shall not be deemed to be a waiver of the right to require such consent to future or successive
transactions. The terms "Trustor" and "Beneficiary" include their successors."

If any installment due hereunder is delinquent more than **10 days,** the payor(s) of this note agree(s) to
pay the holder hereof a late charge in the amount of **10%** of the then due installment.

The undersigned hereby acknowledge that the loan evidenced by this note was arranged by **Real
Property Lenders, Inc.,** a California licensed real estate broker, License No. 01076948.
Privilege is reserved of paying unlimited principal and/or paying the within note in full at any time prior
to the maturity date without a penalty.

All parties acknowledge that present and/or future funds advanced to this Note and Deed of Trust may
come from a licensed California Real Estate agent and/or a licensed California Real Estate broker.
It is unlawful to consummate a sale or transfer of this security or any interest therein, or to receive any
consideration therefore, without the prior written consent of the California Corporations Commissioner
of the State of California, except as permitted in the Commissioner's Rules.

Each payment shall be credited on interest then due, and the remainder on principal; and interest shall
thereupon cease upon the principal so credited. Should default be made in payment of any installment
when due the whole sum of principal and interest shall become due at the option of the holder of this
note. Principal and interest payable in lawful money of the United States. If action be instituted on this
note I promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a Deed of
Trust to **UNITED GENERAL TITLE INSURANCE COMPANY,** herein called Trustee.

Borrower(s):

Gaspar Development, Inc., a California Corporation

By: _____
Anthony C. Gaspar, President

By: _____
Kimberly Gaspar, Vice President

_____
Anthony C. Gaspar, As an Individual

_____
Kimberly Gaspar, As an Individual

UNITED GENERAL TITLE INSURANCE COMPANY

**JULIE RODEWALD**
San Luis Obispo County – Clerk/Recorder

DG
2/10/2006
8:00 AM

Recorded at the request of
**United General Title Ins Co**

**RECORDING REQUESTED BY**
United General Title Insurance Company
Order No. 309552KSCC
Lender Loan No. TG0616

**AND WHEN RECORDED MAIL TO:**
Real Property Lenders
630 10th Street
Paso Robles, CA 93446-2570

DOC#:  **2006009782**

| | | |
|---|---|---|
| Titles: 2 | Pages: | 6 |
| Fees | | 29.00 |
| Taxes | | 0.00 |
| Others | | 0.00 |
| PAID | | $29.00 |

Space Above This Line for Recorder's Use Only

A.P.N.: 015-144-032

File No.: 7110-309552 (kscc)

# DEED OF TRUST AND ASSIGNMENT OF RENTS
## (Short Form)

THIS DEED OF TRUST, made this **February 3, 2006**, between

TRUSTOR: **Gaspar Development, Inc., a California Corporation**

whose address is **775 Climbing Tree Lane, Templeton, CA 93465,**

TRUSTEE: **United General Title Insurance Company**

and BENEFICIARY: **Real Property Lenders, A California Corporation, as to an undivided $270,000.00/$450,000.00 interest; Jack Casimir Crow and Norma R. Crow, Husband and Wife, As Joint Tenants, as to an undivided $100,000.00/$450,000.00 interest; Brad Clark, A Single Man, as to an undivided $50,000.00/$450,000.00 interest; Thomas R. Parsons and Virginia B. Parsons, Husband and Wife As Joint Tenants, as to an undivided $20,000.00/$450,000.00 interest; and William Montgomery, An Unmarried Man, as to an undivided $10,000.00/$450,000.00 interest**

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of **Paso Robles**, San Luis Obispo County, State of **California**, described as:

**THE WEST 2/3 OF LOT 78 OF TRACT NO. 3, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED OCTOBER 30, 1931 IN BOOK 5, PAGE 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions, incorporated by reference, to collect and apply such rents, issues and profits. FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor, incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one Promissory Note of even date herewith, and any extension or renewal thereof, in the principal sum of $450,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record Owner of said property hereafter may borrow from Beneficiary, when evidenced by another Note (or Notes) reciting it is so secured. TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the Note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County on October 18, 1961, and in all other counties on October 23, 1961, in the book and page of the Official Records in the office of the county recorder of the county where said property is located, noted below and opposite the name of such county, viz:

A.P.N. 015-144-032

**Deed of Trust**
**and Assignment of Rents (Short Form) - continued**

February 03, 2006
File No.: 7110-309552 (ks)

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1128 | 556 | Imperial | 1189 | 701 | Merced | 1660 | 753 | San Benito | 300 | 405 | Siskiyou | 506 | 762 |
| Alpine | 3 | 130-31 | Inyo | 165 | 672 | Modoc | 191 | 93 | San Bernadino | 6213 | 768 | Solano | 1287 | 621 |
| Amador | 133 | 438 | Kern | 3756 | 690 | Mono | 69 | 302 | San Francisco | A-804 | 596 | Sonoma | 2067 | 427 |
| Butte | 1330 | 513 | Kings | 858 | 713 | Monterey | 357 | 239 | San Joaquin | 2855 | 283 | Stanislaus | 1970 | 56 |
| Calaveras | 185 | 338 | Lake | 437 | 110 | Napa | 704 | 742 | San Luis Obispo | 1311 | 137 | Sutter | 655 | 585 |
| Colusa | 323 | 391 | Lassen | 192 | 367 | Nevada | 363 | 94 | San Mateo | 4778 | 175 | Tehama | 457 | 183 |
| Contra Costa | 4684 | 1 | Los Angeles | T-3878 | 874 | Orange | 7182 | 18 | Santa Barbara | 2065 | 881 | Trinity | 108 | 595 |
| Del Norte | 101 | 549 | Madera | 911 | 136 | Placer | 1028 | 379 | Santa Clara | 6626 | 664 | Tulare | 2530 | 108 |
| El Dorado | 704 | 635 | Marin | 1849 | 122 | Plumas | 166 | 1307 | Santa Cruz | 1638 | 607 | Tuolumne | 177 | 160 |
| Fresno | 5052 | 623 | Mariposa | 90 | 453 | Riverside | 3778 | 347 | Shasta | 800 | 633 | Ventura | 2607 | 237 |
| Glenn | 469 | 76 | Mendocino | 667 | 99 | Sacramento | 5039 | 124 | Sierra | 38 | 187 | Yolo | 769 | 16 |
| Humboldt | 801 | 83 | | | | San Diego SERIES 5 Book 1964, Page 149774 | | | | | | Yuba | 398 | 693 |

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale be mailed to Trustor at Trustor's address hereinbefore set forth, or if none shown, to Trustor at property address.

**NOTICE: A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THIS RECORDED REQUEST. IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.**

If the Trustor/Grantor shall sell, convey or allenate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

Dated: ___February 3, 2006___

Signature of Trustor(s)

By:    Anthony C. Gaspar, President
Gaspar Development,
Inc., a California
Corporation

A.P.N. 015-144-032

**Deed of Trust**
**and Assignment of Rents (Short Form) – continued**

February 03, 2006
File No.: 7110-309552 (ks)

STATE OF ___California___ }
 }ss.
COUNTY OF ___San Luis Obispo___ }

On ___2/7/06___ before me, _Karen L. Satterfield_, Notary
Public, personally                appeared _Harmony C. Larson_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s) or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

My Commission Expires: _____

Notary Name:_____

Notary Registration Number:_____

*This area for official notarial seal*

Notary Phone:_____

County of Principal Place of Business:_____

KAREN L. SATTERFIELD
COMM. # 1369974
NOTARY PUBLIC-CALIFORNIA
SAN LUIS OBISPO COUNTY
COMM. EXP. AUG. 13, 2006

KAREN L. SATTERFIELD
COMM. # 1369974
NOTARY PUBLIC-CALIFORNIA
SAN LUIS OBISPO COUNTY
COMM. EXP. AUG. 13, 2006

A.P.N. 015-144-032

Deed of Trust
and Assignment of Rents (Short Form) - continued

February 03, 2006
File No.: 7110-309552 (ka)

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate called for in the note secured hereby, or at the amount allowed by law at date of expenditure, whichever is greater, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to such property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in this same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said Note and this Deed of Trust (unless directed in such request to retain them.)

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys' fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, said Note(s) and all documents evidencing expenditures secured hereby.

A.P.N. 015-144-032

**Deed of Trust
and Assignment of Rents (Short Form) - continued**

**February 03, 2006
File No.: 7110-309552 (ks)**

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the persons or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties, must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

(13)  That this Deed of Trust applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein.  In this Deed of Trust, whenever the context so required, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be party unless brought by Trustee.

A.P.N. 015-144-032

Deed of Trust
and Assignment of Rents (Short Form) - continued

February 03, 2006
File No.: 7110-309552 (ks)

## REQUEST FOR FULL RECONVEYANCE
*To be used only when note has been paid.*

To: United General Title Insurance Company , **Trustee**

Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_____

_____

_____      By_____

_____      By_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
**Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

**Short Form**
**DEED OF TRUST**      **United General Title Insurance Company**
WITH POWER OF SALE
INDIVIDUAL

**END OF DOCUMENT**

# EXHIBIT "B"

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower" as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA ☐ FHA | ☑ Conventional ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: | ☑ Fixed Rate ☐ GPM | ☐ Other (explain): ☐ ARM (type): |
|---|---|---|---|---|---|
| $ | % | | | | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 775 Climbing Tree Lane,  Templeton, CA 93465   County: San Luis Obispo | |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|

| Purpose of Loan | ☐ Purchase ☐ Construction ☑ Refinance ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment |
|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: ☑ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) | |
|---|---|

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Anthony C. Gaspar | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| | Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|---|
| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) 10/13/1964 | Yrs. School 17 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) Yrs. School |

| ☑ Married ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no. 2   ages 12,14 | ☐ Married ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no.   ages |
|---|---|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent  2  No. Yrs. | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |
|---|---|
| Climbing Tree Lane Templeton, CA 93465 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer | ☑ Self Employed | Yrs. on this job 8 yr(s) | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| AC Gaspar Inc Climbing Tree Lane Templeton, CA 93465 | | Yrs. employed in this line of work/profession 8 | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| Owner/President | | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) 03/02/03 - 07/07/05 | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| Gaspar Group Lending 932 Riverside Ave Paso Robles, CA 93446 | | Monthly Income $ 8,600.00 | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| Loan Officer | | | |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | $ |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | |
| Dividends/Interest | | | | Real Estate Taxes | | |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | 22,300.00 | | 22,300.00 | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 22,300.00 | $ | $ 22,300.00 | Total | $ | $ |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed  ☑ Jointly  ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| *List checking and savings accounts below* | | Name and address of Company  AURORA LOAN SERVICES I | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union  Heritage Oaks Bank  business checking | | | | |
| Acct. no. | $ 32,000 | Acct. no. | (1,400) | 246,063 |
| Name and address of Bank, S&L, or Credit Union  Heritage Oaks Bank  Tony's checking account | | Name and address of Company  GREEN POINT SAVINGS | $ Payment/Months | $ |
| Acct. no. | $ 24,000 | Acct. no. | (1,261) | 199,267 |
| Name and address of Bank, S&L, or Credit Union  Heritage Oaks Bank  Kims checking account | | Name and address of Company  HERITAGE OAKS BANK | $ Payment/Months | $ |
| Acct. no. | $ 4,300 | Acct. no. | | 145,250 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company  NATIONAL CITY BANK | $ Payment/Months | $ |
| Acct. no. | $ | Acct. no. | 444 | 47,510 |
| Stocks & Bonds (Company name/ number & description)  Heritage Oaks Bank  American Funds  Misc stocks | $  27,000  79,000  8,000 | Name and address of Company  VW CREDIT INC | $ Payment/Months | $ |
| | | Acct. no. | 541 | 26,537 |
| Life insurance net cash value  Face amount: $ | $ | Name and address of Company  CAPITAL 1 BK | $ Payment/Months | $ |
| Subtotal Liquid Assets | $ 171,300 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 4,815,000 | Acct. no.  Name and address of Company  CITI | 929 | 17,138 |
| Vested interest in retirement fund | $ | | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | Acct. no. | 204 | 9,801 |
| 02 Honda Van  02 Chevy 2500 Truck  01 Audi A6 car | 17,000  22,400  20,000 | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize)  96 Country Coach Motorhome  02 BMW motorcycle | $  93,000  12,000 | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 2,538 | |
| Total Assets a. | $ 5,159,700 | Net Worth (a minus b) $ 4,454,344 | Total Liabilities b. | $ 705,356 |

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 775 Climbing Tree Lane 775 Climbing Tree Lane | SFR | Personal Residence $ 1,400,000 | $ 450,000 | $ 0 | $ | $ | $ |
| lot 54 Maverick lot 54 Maverick | PS SFR | Spec house 885,000 | 440,000 | | | | |
| Railroad Railroad | | 2,700,000 | 1,200,000 | | | | |
| * See page 4 for the additional properties | | | | | | | |
| Totals | | $ 4,815,000 | $ 2,154,000 | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | |
| f. Estimated closing costs | |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits(explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the last 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U. S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ ☑ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ | ☐ ☐ |
| (1) What type of property did you own–principal residence (PR), second home (SH), or investment property (IP)? | PR | |
| (2) How did you hold title to the home–solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq., (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 1/2/06 | X | 1/23/06 |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino  ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White | Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| Sex: | ☐ Female  ☐ Male | Sex: | ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: ☐ Face-to-face interview ☐ Mail ☐ Telephone ☐ Internet | Interviewer's Signature                Date | Mortgage Management Consultants 935 Riverside Ave #23 Paso Robles, CA 93446 (P) 805-227-4714 (F) 805-239-9251 |
| | Interviewer's Phone Number (incl. area code) | |

## Continuation Sheet Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: Anthony C Gaspar | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company GEMB/AMERICAN HONDA | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 209 | 8,323 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company HSBC/YAMAHA | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 177 | 5,920 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company CHEVRON CREDIT BANK NA | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 19 | 399 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company PIER 1/NB | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 15 | 148 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |

## Continuation Sheet/Residential Loan Application

| | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: **Anthony G Gasper** | Agency Case Number: |
| | Co-Borrower: | Lender Case Number: |

## VI. ASSETS AND LIABILITIES

### Schedule of Real Estate Owned

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| lot 14 | | in escrow | | | | | |
| lot 14 | PS | 65,000 | 64,000 | | | | |
| lot 8 | | in escrow | | | | | |
| lot 8 | PS | 65,000 | 0 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |

# EXHIBIT "C"

TG0616

| | |
|---|---:|
| nrb | 45 |
| emk | 232.5 |
| emk | 4462 |
| roberts eng | 539 |
| emk | 228.75 |
| palomar /buena superv | 546.3 |
| buena | 3035 |
| palomar/ osborne super inv 2916 | 5154 |
| osborne grading 2916 2923 2914 | 96993 |
| kirk consult permit sub | 2963.43 |
| palomar/buena w/18% | 2088.6 |
| emk | 352.5 |
| palomar/osborne 2923 | 5814 |

122454.1 ÷ 14 = 8746.72
each lot

7835—

5084. 12

21,665.84

| DESCRIPTION | AMOUNT |
|---|---|
| ENGINEERING/ GRADING (1/14 OF $122,454.10) | 8,746.72 |
| PLANS | 678.00 |
| GRADING PLANS | 1,250.00 |
| SOILS ENGINEERING | 1,100.00 |
| TOPO | 900.00 |
| STRUCTURAL ENGINEER | 1,050.00 |
| OVERHEAD REIMB (1/14 OF $40,000) | 2,857.00 |
| GRADING PERMIT SUBMITTAL | 5,084.12 |

TG0616 - REINDEER PL  (APN # 015-144-032)

| CHECK NO | CHECK DATE | CHECK AMOUNT | CLIENT |
|---|---|---|---|
| 7835 | 02/27/2006 | 21,665.84 | TG0616 - Anthony & Kimberly Gaspar |

Anthony & Kimberly Gaspar
Gaspar Development, Inc.
775 Climbing Tree Lane
Templeton CA 93465

---

**Real Property Lenders, Inc.**
CONSTRUCTION & INTEREST RESERVE #1024223111
1024223111

Mid State Bank
845 Spring St
Paso Robles, CA  93446

# COPY

| CHECK NO |
|---|
| 7835 |

| DATE | AMOUNT |
|---|---|
| 02/27/2006 | 21,665.84 |

---Twenty One Thousand Six Hundred Sixty Five and 84/100---

**PAY**
TO THE
ORDER OF

Anthony & Kimberly Gaspar
Gaspar Development, Inc.
775 Climbing Tree Lane
Templeton CA 93465

COPY NOT NEGOTIABLE

COPY NOT NEGOTIABLE

# EXHIBIT "D"



**CLINT OSBORNE
GRADING AND PAVING**
QUALITY EARTHWORK AND PAVING
CONT. LIC. 429619
LAS TABLAS RD., P.O. BOX 446, TEMPLETON, CA 93465

(805) 434-2966

Tony Gaspar

Shop Road & Parking

Prep Existing Base. Import ④ Loads
Base to add where needed.
Pave  11,630 Sq. ft with 2½" Asphalt      #16,200.00

✳ Price Increase: Asphalt #4 per ton  ✳
175 Tons      #700.00

Track

Prep Subgrade, Import 6" Base
Fine Grade and compact. Pave
630 L.F X 13' wide = 8450 Sq. ft.      #19,000.00

Price Increase: Asphalt #4 per ton
130 Tons     #520.00
Class 2 Base  300 Tons @ #1
        #300.00      Total Increase #1,520.00

EXCLUSIONS to this bid are as follows: Survey and grade staking, soils testing, unsuitable
subsoils conditions or structures including utility lines or conduits or any field changes required
by any jurisdictional agency, engineer, owner or authorized agent. Any permits required are to
be obtained by others. If rock or dense sub-surface soils are encountered which requires
additional time, labor or equipment, our effort would be re-estimated.

NOTE: THIS PROPOSAL MAY BE WITHDRAWN BY US IF NOT ACCEPTED WITHIN 30
DAYS.
        Signature: _____  8/10/05
        Clint Osborne

Gaspar

| | | | | |
|---|---|---|---|---|
| 8/5 | Move In D6 Dozer & Grader | | | # 350 00 |
| | D6 Dozer 4 hrs @ #125 | | | # 500 00 |
| 8/17 | Skip Loader | 4 hrs @ #80 | | # 320 00 |
| 8/18 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| | Grader | 6 hrs @ #100 | | # 600 00 |
| 8/19 | Skip Loader | 2 hrs @ #80 | | # 160 00 |
| 8/22 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| | Grader | 4 hrs @ #100 | | # 400 00 |
| 8/23 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| 8/25 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| | Grader | 4 hrs @ #100 | | # 400 00 |
| 8/26 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| | Grader | 4 hrs @ #100 | | # 400 00 |
| 8/29 | Paver-Roller-544 Loader - ③ Labors | | | |
| | | 7 hrs @ #350 | | # 2450 00 |
| 8/30 | Paver-Roller- ⑤ Labors 7 hrs @ #350 | | | # 2450 00 |
| 8/31 | Skip Loader | 8 hrs @ #80 | | # 640 00 |
| 9/1 | Skip Loader | 4 hrs @ #80 | | # 320 00 |
| | 544 Loader | 2 hrs @ #100 | | # 200 00 |
| | | Equip Labor | | # 12,390 00 |
| | | | | |
| | Import ㉔ Loads #2 Base @ #437 ea | | | # 10,488 00 |
| | (600 Tons) | | | |
| | Import 340.59 Tons Asphalt @ #49 90 | | | # 16,995 00 |
| | | | | |
| | | Total | | # 39,873 00 |



CLINT OSBORNE GRADING & PAVING
P.O. BOX 446
TEMPLETON, CALIFORNIA 93465
805-434-2966

INVOICE 2870

NAME    Palomar Homes
ADDRESS    823 7th St
    PR

DATE    9-13-05

Gaspar Tract
Ranchita Cyn. Rd.

Progress Payment

VOID
THIS INVOICE
1-15-06

TOTAL    $39,873 ₀₀

$39,873 ₀₀

TERMS: Accounts are due and payable within 30 days.
1 1/2% PER MONTH SERVICE CHARGE
(18% ANNUAL)

Thanks
Clint A

---

CLINT OSBORNE GRADING & PAVING
P.O. BOX 446
TEMPLETON, CALIFORNIA 93465
805-434-2966

INVOICE 2914

NAME    Palomar Homes
ADDRESS    823 7th St
    PR
CITY

DATE    1-10-06

Gaspar Tract
Forked Horn

Preliminary Grading
& Pioneer Roads

Paid 3-5-06
CK# 1026

TOTAL    $24,873 ₀₀

$24,873 ₀₀

TERMS: Accounts are due and payable within 30 days.
1 1/2% PER MONTH SERVICE CHARGE
(18% ANNUAL)

BY    Thanks
Clint A

| | | INVOICE |
|---|---|---|

**CLINT OSBORNE GRADING & PAVING**
P.O. BOX 446
TEMPLETON, CALIFORNIA 93465
805-434-2986

INVOICE **2884**

DATE **10-18-05**

NAME **Palomar Homes**

ADDRESS **823 7th St**

CITY **PR**

| | | |
|---|---|---|
| Gaspar Tract | | |
| Rancita Cyn. Rd | | |
| | | |
| Preliminary Grading | | |
| & Pioneer Roads | | |
| | | |
| | | |
| paid 11-6-05 | | |
| CK 64213    $3,750.00 | | |
| CK 64214    $3,750. | | |
| CK 64215    $3,750.00 | | |
| CK 64216    $3,750. | | |
| | | |
| | | |

TERMS: Accounts are due and payable within 20 days.
1 1/2% PER MONTH SERVICE CHARGE
(18% ANNUAL)

TOTAL **$15,000 00**

BY _____

**CLINT OSBORNE GRADING & PAVING**

P.O. BOX 446
TEMPLETON, CALIFORNIA 93465
805-434-2966

INVOICE

2923

DATE  1-29-06

NAME _____
ADDRESS _____

NAME ____ Palomar Homes
ADDRESS ____ 823 7th St
CITY ____ PR

| | | | TOTAL |
|---|---|---|---|
| Gaspar Tract | | | |
| Forked Horn | | | |
| | | | |
| Rough Grade Pepper | | | |
| Tree and Reindeer | | | |
| Road Extensions | | | |
| Install Culverts | | $38,760 00 | |
| | | | |
| | | | |
| | | | $38,760 00 |

TERMS: Accounts are due and payable within 30 days.
1 1/2% PER MONTH SERVICE CHARGE
(18% ANNUAL)

BY  Thanks

---

**CLINT OSBORNE GRADING & PAVING**

P.O. BOX 446
TEMPLETON, CALIFORNIA 93465
805-434-2966

INVOICE

2916

DATE  1-10-06

NAME ____ Palomar Homes
ADDRESS ____ 823 7th St
CITY ____ PR

| | | | TOTAL |
|---|---|---|---|
| Gaspar Tract | | | |
| Forked Horn | | | |
| | | | |
| Rough Grade Forked | | | |
| Horn Extension | | | |
| Install 120 L.F. x | | | |
| 24" Culvert | | $34,360 00 | |
| | | | |
| | | | |
| | | | $34,360 00 |

TERMS: Accounts are due and payable within 30 days.
1 1/2% PER MONTH SERVICE CHARGE
(18% ANNUAL)

BY  Thanks